UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ROBERT L. MONTGOMERY                                                    PLAINTIFF

v.                                                         CIVIL ACTION NO. 3:11-CV-370-H

COMMONWEALTH OF KENTUCKY et al.                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff, Robert L. Montgomery, *pro se*, moves to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) in this case (DN 3). The Court concludes that Plaintiff cannot without undue hardship pay the fees or costs in this action. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion (DN 3) is **GRANTED**.

This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff[1] sues the Commonwealth of Kentucky, FBI, police, corrections, and "all that would take my freedom." Plaintiff alleges in his complaint in the portion in which he is supposed to state the grounds for filing his case: "Article 6 U.S. Constitution against Commonwealth and FBI[.] They Judge are stalking me and locking me up on their charges after

---

[1] The caption of his complaint gives the name of Plaintiff(s) as: "The Family of and Robert L. Montgomery me." However, later, only Robert L. Montgomery is listed as a plaintiff and only Mr. Montgomery signed the complaint and the application to proceed *in forma pauperis*. Moreover, Mr. Montgomery, a non-lawyer, cannot represent others in this action. "[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer." *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991); *see also* 28 U.S.C. § 1654. Thus, the Court considers Robert L. Montgomery to be the only Plaintiff in this action.

taking everything I have they think kidnapping."

He next states: "All these authorities all law breaking still on and on going investigation of you for your murders and theifts and arson etc." Finally, in the portion of the complaint form which asks for a statement of the claim, he writes:

> Please have someone check the records of life and times of Robert Lee Montgomery and family. That is spelled Robert Lee Montgomery 27 yrs minimum security sentence into your commonwealth murders of my family now 28 years after Jerry Abramson set me free and supervised probation was found no violent misdemeanor offense into Larry Smiths and homocide and F.B.I. murders of my family. 458 Chicopee Ave. started and went on[.]

## II. ANALYSIS

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted).

In the instant case, Plaintiff fails to provide material facts in support of any viable legal theory against the Commonwealth of Kentucky, FBI, "police," or "corrections." Even under the most liberal of constructions, the Court cannot discern any cognizable cause of action based on his allegations. Plaintiff fails to place Defendants on notice as to any claim(s) against them, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on*

*other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)), and the complaint is simply too vague and sketchy to state a cause of action under any legal theory.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Court will enter an Order consistent with this Memorandum Opinion and Order.

Date:


cc: Plaintiff, *pro se*

4412.009